IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| NANCY GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-cv-3011 |
| | ) |
| ETHICON, INC., ETHICON, LLC, | ) |
| and JOHNSON & JOHNSON, | ) |
| | ) |
| Defendants. | ) |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on the Motion for Partial Summary Judgment (d/e 37) filed by Defendants Ethicon, Inc, Ethicon, LLC, and Johnson & Johnson[1]. For the reasons stated below, Defendants' Motion for Partial Summary Judgment is DENIED.

### I. BACKGROUND

---

[1] "Defendants" referred to herein means Ethicon, Inc., Ethicon, LLC, and Johnson & Johnson. However, the parties have agreed to voluntarily dismiss Ethicon, LLC pursuant to a joint motion to dismiss filed in the MDL Case, Case No. 12-MD-2327.

On August 20, 2013, Plaintiff filed this lawsuit against Defendants alleging negligence (Count I), strict liability-manufacturing defect (Count II), strict liability – failure to warn (Count III), strict liability – defective product (Count IV), strict liability – design defect (V), fraud (Count VI), fraudulent concealment (Count VII), negligent misrepresentation (Count IX), negligent infliction of emotional distress (Count X), breach of express warranty (Count XI), breach of implied warranty (Count XII), unjust enrichment (Count XV), punitive damages (Count XVII), and discovery rule and tolling (Count XVIII). See d/e 1.

Defendants seek summary judgment only on eight counts: Plaintiff's claim for manufacturing defect (Count II), strict liability – defective product (Count IV), fraud (Count VI), fraudulent concealment (Count VII), negligent misrepresentation (Count IX), breach of express warranty (Count XI), breach of implied warranty (Count XII), and unjust enrichment (Count XV).  See d/e 37, 38.

Plaintiff agrees to dismissal of her claims for manufacturing defect, strict liability – defective product, breach of implied warranty, and unjust enrichment, but she contests summary

judgment on the remaining claims.  See d/e 44, p. 6.  Additionally, both parties agree that Illinois law applies.  See d/e 44, p. 6.

## II. FACTS

Both parties set forth undisputed facts.  However, neither party responded to the other party's statement of facts in a timely manner.  See CDIL-LR 7.1(D)(2)(b)(6) ("A failure to respond to any numbered fact will be deemed an admission of the fact.").  Therefore, Plaintiff's facts and Defendants' facts are deemed admitted pursuant to Local Rule 7.1. CDIL-LR 7.1(D)(2)(b)(6).

Plaintiff Nancy Green experienced stress urinary incontinence.  See d/e 38, p. 2.  To address her medical condition, Plaintiff underwent surgery to implant a transvaginal taping (TVT) device, TVT Device 810041B ("TVT"), on July 22, 2005 by Dr. David Roszhart.  See d/e 44, p. 2.  Plaintiff claims that the TVT caused her injuries, "pelvic pain, discomfort, sexual dysfunction symptoms, painful intercourse, stress urinary incontinence, dyspareunia, pain with walking, lifting, and at rest." Id.

Dr. Roszhart was provided materials and brochures produced by Ethicon and provided to him by an Ethicon sales representative.

Id.  Based on the product information provided to him in 2005, Dr. Roszhart knew of the risks associated with TVT and discussed these risks with his patients.  Id.  However, Dr. Roszhart did not advise Plaintiff of any risks above and beyond what Ethicon made available to him at that time.  Id.  In large part, Dr. Roszhart relied on the information provided by Defendants to warn patients of the potential risks and complications from the use of TVT.  Id.  Plaintiff was given a pamphlet by Dr. Roszhart which contained information about TVT, and Plaintiff relied on the pamphlet to make her decision to have the TVT implanted. Id. at p. 3.  Defendants knew that physicians and their patients relied on information that Defendants provided them to make informed decisions about the use of TVT.  Id. at p. 2.

In 2005 and before, the TVT product risks provided by Ethicon to the medical community were limited to the risks contained in the Instructions for Use (IFUs) in effect at the time.  Id. at p. 3.  The information provided in 2005 and before failed to include warnings on the following  risks: (1) the foreign body response could be long-term and may cause permanent injuries; (2) exposed mesh may cause pain or discomfort to the patient's partner during

intercourse; (3) mesh exposure could cause chronic pain; (4) chronic pelvic pain and abdominal pain were potential adverse reactions; (5) mesh extrusion, exposure, or erosion into the vagina or other structures or organs were potential adverse reactions; (6) voiding dysfunction was a potential adverse reaction; (7) incontinence could reoccur; (8) the mesh could require one or more revision surgeries to treat adverse reactions; (9) PROLENE Mesh is a permanent implant that integrates into the tissue, and in cases in which the PROLENE Mesh needs to be removed in part or in whole, significant dissection may be required; and (10) other adverse reactions could include urge incontinence, urinary frequency, urinary retention, adhesion formation, atypical vaginal discharge, and death.  Id. at p. 3-4.  In 2015, Ethicon modified its TVT product warnings to include different warnings with more definitive risks associated with TVT products.  Id.

### III. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The movant bears the initial responsibility of informing the court of

the basis for the motion and identifying the evidence the movant believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. Carrol. v. Lynch, 698 F.3d 561, 564 (7th Cir. 2012). When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. Egan Marine Corp. v. Great Am. Ins. Co. of New York, 665 F.3d 800, 811 (7th Cir. 2011).

### IV. ANALYSIS

**A. Plaintiff's Claims Are Sufficiently Separate Claims to Survive Summary Judgment.**

Defendants argue that Plaintiff's claims for fraud (Count VI), fraudulent concealment (Count VII), negligent misrepresentation (Count IX), and breach of express and implied warranty (Counts XI and XII) must fail because they are "essentially the same allegations as the failure to warn claim." See d/e 38, p. 3. Plaintiff disagrees with Defendants' argument, but she agrees to dismissal of her implied warranty claim (Count XII).

The Federal Rules of Civil Procedure allow for pleading different theories and pleading in the alternative. Rule 8 provides, "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). Illinois courts have held that separate and distinct causes of action may be filed in one suit. See Woodill v. Parke Davis & Co., 79 Ill. 2d 26, 34 (1980) ("Yet the failure-to-warn theory in strict liability has been upheld as a distinguishable doctrine from its counterpart in negligence, based on the fact that it is the inadequacy of the warning that is looked to, rather than the conduct of the particular manufacturer, to establish strict liability.").

To prove common-law fraud in Illinois, a plaintiff must show: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." Hart v. Boehmer Chevrolet Sales, Inc., 337 Ill. App. 3d 742, 751 (2d Dist. 2003).

However, when proving a failure to warn claim, "a plaintiff must demonstrate that the manufacturer did not disclose an unreasonably dangerous condition or instruct on the proper use of the product as to which the average consumer would not be aware." <u>Salerno v. Innovative Surveillance Tech., Inc.</u>, 402 Ill. App. 3d 490, 499 (2010) (<u>citing</u> <u>Sollami v. Eaton</u>, 201 Ill.2d 1, 7 (2002).  A manufacturer of a medical device has "a duty to warn prescribing physicians or other health professionals who may prescribe the device of the product's known dangerous propensities.  <u>Hansen v. Baxter Healthcare Corp.</u>, 198 Ill.2d 420, 430 (2002).

Here, Plaintiff has set out both a claim for fraud and failure to warn which rely on the same facts.  However, these claims can be distinguished.  The failure to warn claim focuses on Defendants' knowledge and the objective reasonableness of the warning, while the fraud claim requires that the plaintiff relied on the information provided and that the defendant was knowingly providing false material information.  <u>See</u> <u>Hart</u>, 337 Ill. App. 3d at 748.

The same is true for Plaintiff's fraudulent concealment claim when viewed against her other claims.  To prove a fraudulent concealment claim, a plaintiff must prove: "(1) concealment of a

material fact, (2) intent to induce a false belief where there exists a duty to speak, (3) that the other party could not have discovered the truth through reasonable inquiry and relied upon the silence as an indication that the concealed fact did not exist, (4) that the other party would have acted differently had it known of the concealed information, and (5) that its reliance resulted in its injury." Vandenberg v. Brunswick Corp., 2017 IL App (1st) 170181, ¶ 31. As for Plaintiff's negligent misrepresentation claim, such claim has the same elements as fraudulent concealment with the exception that "the defendant need not know that the statement is false." Bd. of Educ. of City of Chicago v. A, C & S, Inc., 131 Ill.2d 428, 452 (1989).

Additionally, Plaintiff's breach of express warranty claim is a distinct claim. In Illinois, "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." 810 ILCS 5/2-313(a). Plaintiff's breach of express warranty claim (Count XI) is a separate and distinct cause of action from her other causes of action.

The Court finds that Plaintiff's claims for fraud (Count VI), fraudulent concealment (Count VII), negligent misrepresentation (Count IX), and breach of express warranty fraud (Count XI) are separate and distinct claims from Plaintiff's failure to warn claim (Count III). Although these claims rely on the same facts, they are not the same claim repackaged because separate elements are required for each claim. See In Re Testosterone, 2017 WL 1836443, at *6 ("[E]ven if there is overlap in their factual or legal underpinnings, there is nothing that prevents a party from asserting multiple but legally distinct claims that arise from the same events."). Plaintiff has raised sufficient facts for each claim. Therefore, the Court finds that Defendants are not entitled to summary judgment on Plaintiff's fraud (Count VI), fraudulent concealment (Count VII), negligent misrepresentation (Count IX), and breach of express warranty fraud (Count XI) because the claims are not duplicative.

**B. The Learned Intermediary Doctrine Does Not Bar Plaintiff's Claims.**

Defendants argue that the learned intermediary doctrine applies to each of Plaintiff's fraud claims, negligent

misrepresentation, and breach of warranty claim, and those claims did not constitute separate claims. Defendants seem to argue again that the causes of action are not distinct, but this time Defendants rely on the learned intermediary doctrine. Defendants, however, do not explain why the learned intermediary doctrine applies.

The Court has already determined that Plaintiff's fraud claims, negligent misrepresentation, and breach of warranty claims are sufficiently distinct. Nonetheless, the Court will address the doctrine.

The learned intermediary doctrine is a defense used by manufacturers when sued based on its warnings. Walton v. Bayer Corp., 643 F.3d 994, 999–1000 (7th Cir. 2011) ("[T]he doctrine excuses the manufacturer of a prescription drug from having to warn consumers of the drug's adverse side effects; it need warn only physicians, so that armed with the warning they can make a medical decision to prescribe or not to prescribe the drug for a particular patient."). Plaintiff argues that application of the learned intermediary doctrine is inappropriate in this case because Defendants did not sufficiently warn her doctors. "The learned-intermediary doctrine doesn't permit distributors to conceal a

drug's adverse side effects from physicians, pharmacies, and consumers." Id. at 1001.  The Illinois Supreme Court has held that, when a manufacturer fails to adequately warn doctors, the doctors cannot be considered learned intermediaries.  Hansen v. Baxter Healthcare Corp., 198 Ill.2d 420, 432 (2002) (citing Proctor v. Davis, 291 Ill. App. 3d 265 (1st Dist. 1997).  Moreover, the adequacy of the warning is a question of fact for the jury.  Id.; see also Giles v. Wyeth, Inc., 500 F. Supp. 2d 1063, 1066 (S.D. Ill. 2007) ("The trier of fact must judge a warning by whether it sufficiently apprised physicians of the risks associated with the use of the drug.").

     Here, Plaintiff argues that Defendants concealed, suppressed, omitted, and misrepresented the risks, dangers, defects, and disadvantages of its products.  The evidence shows that Plaintiff and her doctor relied on the information provided by Defendants and that the information provided by Defendants failed to warn the medical community of numerous risks.  In 2015, Ethicon changed its TVT product warnings with strong warnings with more definitive risks.  The Court finds that a genuine issue of material fact exists as to the sufficiency of the warnings provided by Defendants.

Therefore, the learned intermediary doctrine does not bar Plaintiff's claims, and Defendants' are not entitled to summary judgment.

**C. Plaintiff's Express Warranty Claims Are Not Barred by the Statute of Limitations.**

In Illinois, breach of warranty claims are barred by a four-year statute of limitations. See 810 ILCS 5/2-725(1). Defendants argue that the statute of limitations accrues when the breach occurs. However, Plaintiff contends the statute of limitations accrues when the breach is or should have been discovered, based on the language of the statute. The statute provides:

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

810 ILCS 5/2-725(2).

Plaintiff contends that Defendants explicitly extended the warranties at issue to the future performance of the goods. As such, discovery of the breach required Plaintiff to wait until non-

performance occurred.  Plaintiff argues that Defendants specifically warranted that: (1) "Each product was safe and fit for use by consumers as long term treatment of certain medical conditions, including, without limitation, stress urinary incontinence.  That each product was of merchantable quality, that their side effects were minimal and comparable to other pelvic mesh products, and that they were adequately tested and fit for their intended use;" and (2) "Defendants' products were safe or safer than other products on the market and that Defendants' products were effective or more effective than other products on the market." See Amended Master Complaint, d/e 53-1, ¶¶ 24, 25, 170, and 180.

Plaintiff argues that her cause of action did not accrue until she discovered the failure and likely cause of the device in the fall of 2013.  See d/e 43-1, p. 7.  Plaintiff filed this cause of action on August 20, 2013.  See Short Form Complaint, d/e 1.

The Court finds that Defendants provided specific warranties that "explicitly extend[] to future performance of the goods" as proscribed by 810 ILCS 5/2-725(2).  Therefore, the cause of action did not accrue until Plaintiff discovered the breach, which was in the fall of 2013.  Plaintiff filed this cause of action within the statute

of limitations. Thus, the Court denies Defendants' motion for summary judgment on Plaintiff's warranty claims (Count XI) based on the statute of limitations.

## IV. CONCLUSION

For the reasons stated, Defendants' Motion for Partial Summary Judgment (d/e 37) is DENIED.

Defendant Ethicon, LLC was part of the partial motion for summary judgment filed by Defendants. See d/e 38, p. 1. However, the parties have agreed to voluntarily dismiss Ethicon, LLC pursuant to a joint motion to dismiss filed in Case No. 12-md-2327. Therefore, Defendant Ethicon, LLC is DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to terminate Defendant Ethicon, LLC as a party from this case.

Pursuant to the agreement of Plaintiff, the Court hereby DISMISSES Plaintiff's manufacturing defect (Count II), defective product (Count IV), implied warranty (Count XII), and unjust enrichment (Count XV). See d/e 44, p. 6.

Defendants' motion for summary judgment is denied on the remaining counts. This case will proceed against Defendants Ethicon, Inc. and Johnson & Johnson.

**ENTERED: October 28, 2020**
**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**